UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
  Plaintiff,

v.

JORGE CAMEJO, ET AL.,
  Defendants.

Criminal No. 04-303 (HL)

**ORDER**

Before the Court is a motion to dismiss the superseding indictment[1] filed by defendant Espedito De Los Santos Pichado [10]. This motion is joined by defendants Alejandro Feliz [6], Pablo Martinez [7], Ceasar A. Fernandez [8], Luís Enrique Peralta [9], and Epifanio Jaquez [11].[2] The United States of America filed a timely opposition to the motion to dismiss.[3]

For the reasons stated below, the Court **DENIES** defendants' motion to dismiss.

**FACTS**

During the evening of July 19, 2004, a law enforcement aircraft spotted the motor vessel Buenamosa heading in a westerly direction 17.6 miles from the southern coast of Puerto Rico. At that time, the officers aboard the aircraft also noticed that something was being deployed from the Buenamosa. Approximately thirty minutes later, the officers noted that the item that

---

[1] Docket no. 230.

[2] *See* docket nos. 234, 235, 236, 237, 243. On July 6, 2005, after filing motions for change of plea, defendants Pablo Martinez, Alejandro Feliz, Luis E. Peralta, and Espedito De Los Santos Pichado plead guilty to the counts charged against them in the superseding indictment. *See* docket nos. 259, 263, 266, 269. Therefore, the pending motion to dismiss is moot as to these four defendants. Accordingly, the motion to dismiss applies to only defendants Cesar A. Fernandez and Epifanio Jaquez.

[3] Docket no. 250.

had been deployed from the Buenamosa appeared to be an inflatable dinghy type vessel which was approximately 11.1 nautical miles off shore, proceeding in a northerly direction toward Puerto Rico.  At that time, the law enforcement officers requested that the Buenamosa change course and head toward Puerto Rico.  A law enforcement vessel was also dispatched to intervene with the inflatable dinghy vessel.  Law enforcement officers intercepted the Buenamosa approximately 4.5 nautical miles from the coast of Puerto Rico and intercepted the inflatable dinghy vessel approximately 3.2 miles from the coast of Puerto Rico.  Aboard the inflatable dingy vessel were co-defendants Joselo Pinales and Wilfredo Lopez-Guillermo who stated that they were citizens of the Dominican Republic traveling from the Dominican Republic to Puerto Rico.  Defendants Pinales and Lopez-Guillermo were transported to land where they were interviewed.

Initially the authorities believed that Lopez-Guillermo and Pinales were attempting to enter Puerto Rico as illegal immigrants.  The Buenamosa was escorted to Puerto Rico, and its six crew members, co-defendants Espedito De Los Santos Pichado,  Ceasar A. Fernandez, Alejandro Feliz, Pablo Martinez, Luís Enrique Peralta, and Epifanio Jaquez, were interviewed by authorities.  At that time, all six of the crew members denied any knowledge of the inflatable dinghy vessel or co-defendants Pinales and Lopez-Guillermo.  At approximately 7:00 a.m., the Buenamosa and its six crew members were released.  Later, at approximately 7:30 a.m., agents of the Ponce-based United States Bureau of Immigration and Customs Enforcement Marine Office attempted to pull the inflatable dingy from the water.  The agents noticed that the dinghy was heavier than normal and had to use a truck to pull the dinghy ashore.  After the dingy was drained and deflated, the authorities discovered numerous brick-shaped objects in the pontoon area which later proved to be approximately 200 kilograms of cocaine and 20 kilograms of heroin.  After discovering the narcotics, law enforcement intercepted the Buenamosa approximately 1.5 nautical miles from Puerto Rico, and all of its crew members were arrested.

A four count superseding indictment was issued on October 21, 2004, against defendants charging, *inter alia*, conspiracy to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroine on board a vessel subject to the jurisdiction of the

United States in violation of the Maritime Drug Law Enforcement Act, 46 App. U.S.C. §1903(a), (j).[4]

**DISCUSSION**

Defendants move to dismiss the superseding indictment on the ground that the United States lacked jurisdiction over the motor vessel Buenamosa, and thus the seizure of the vessel and arrest of defendants were conducted contrary to law.[5] Specifically, defendants allege that the government has failed to provide any evidence that it sought or garnered consent or waiver from the flag nation, under which the Buenamosa was registered, to board the vessel.

Defendants' arguments are misguided. The United States does not attempt to invoke jurisdiction over the vessel Buenamosa pursuant to 46 U.S.C. app. § 1903(c)(1)(C) which requires consent or waiver by the flag nation of a foreign-registered vessel. Rather, the United States asserts jurisdiction over the Buenamosa under 46 U.S.C. app. § 1903(c)(1)(D), which provides that a vessel is subject to the jurisdiction of the United States if it is "located within the customs waters of the United States." 46 U.S.C. app. § 1903(c)(1)(D). The statute under which the defendants are charged, 46 U.S.C. app. § 1903, "is silent as to the definition of the term customs waters. *See* 46 U.S.C. app. § 1903(b)-(c). Other statutes make clear, however, that the custom waters of the United States extend for four leagues, or twelve miles, from United States territory unless another distance has been established by treaty. *See* 19 U.S.C. § 1401(j)." *United*

---

[4] *See* docket no. 69, at 4.

[5] The Court notes that "[j]urisdiction of the United States with respect to vessels subject to [46 App. U.S.C. § 1903] is not an element of any offense. All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." 46 App. U.S.C. § 1903(j); *see also United States v. Gonzalez*, 311 F.3d 440, 443 (1st Cir.2002).

*States v. Santana-Rosa*, 132 F.3d 860, 863-64 (1st Cir.1998).

Defendants do not challenge the government's assertion that the first intervention of the vessel Buenamosa occurred approximately 4.5 miles off the coast of Puerto Rico and that the second intervention of the Buenamosa occurred approximately 1.5 miles from the shore of Puerto Rico. Further, defendants do not dispute the government's claim that the intervention of the inflatable dinghy type vessel occurred 3.2 miles off the coast of Puerto Rico. Rather, as discussed above, defendants base their jurisdictional challenge solely on the ground that the United States failed to secure consent or waiver to board the Buenamosa from the flag nation under which the Buenamosa was registered. As such, the Court finds that the vessel Buenamosa and the inflatable dingy type vessel were located within the customs waters of the United States at the time of their interdiction. Accordingly, the Court concludes that both vessels are subject to the jurisdiction of the United States pursuant to 46 U.S.C. app. § 1903(c)(1)(D).

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is **DENIED**.[6]

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 15, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge

---

[6] Defendants request an evidentiary hearing. *See* docket no. 230, at 4. However, as defendants have not made a sufficient preliminary showing that the vessel Buenamosa was not subject to the jurisdiction of the United States, the Court concludes that an evidentiary hearing is not necessary in the present case. *Cf. United States v. Rivera-Rosario*, 300 F.3d 1, 20 (1st Cir.2002).